UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ASBERRY,

NO. CIV. S-01-2343 LKK/PAN

     Plaintiff,

  v.                                   O R D E R

CITY OF SACRAMENTO/SANITATION
DEPARTMENT,

     Defendant.
_____/

    This motion relates to the consolidated <u>Asberry II</u> case, No.
Civ. S-04-2467, where plaintiff, Michael Asberry ("Asberry" or
"plaintiff"), alleges that defendant fired him two days before the
jury rendered a verdict in his disability discrimination suit in
retaliation for filing his suit.  Defendant alleges the termination
was motivated by Asberry's failure to list several felonies which
are more than twenty years old, although several similarly-situated
employees who did not list their felonies on their applications
were not terminated.  The parties appeared before the court on

1

1   March 6, 2006 for a status conference in both <u>Asberry</u> cases.   In

2   their status reports, both parties acknowledge that the second

3   lawsuit involves only one claim for retaliation.[1]

4       Plaintiff alleges that defendant has retaliated against him

5   in violation of both state and federal law.   In his status report,

6   he states that he brings suit pursuant to California's Fair

7   Employment and Housing Act ("FEHA")(Cal. Gov't Code § 12940), the

8   Americans with Disabilities Act ("ADA")(42 U.S.C. § 12203) and 42

9   U.S.C. § 1983, respectively.   <u>See</u> Pl.'s Pretrial Statement at 2;

10  Opp'n at 2.   Defendant argued at the status conference that no

11  state law claims of retaliation were alleged.

12      The court invited the parties to brief the issue.   Defendant

13  moves to dismiss plaintiff's FEHA retaliation claim based on the

14  contention that plaintiff did not list the statute on his complaint

15  and because defendant interpreted plaintiff's responses to special

16  interrogatories as dismissing plaintiff's state law claims.

17  Defendant also contends that it would be unduly prejudiced if the

18  court allowed plaintiff to proceed with the state law retaliation

19  claim.   The court addresses the parties' contentions below.

20  ////

21  ////

22  _____

23      On November 2, 2005, the parties stipulated to dismiss
    plaintiff's first cause of action for disability
24  discrimination.   The stipulation stated that plaintiff
    "failed to exhaust his administrative remedies to this claim
25  alone," but explicitly noted that "[p]laintiff still intends
    on proceeding to trial on his second claim for retaliation."
26  November 2, 2005 stipulation.   Pl.'s Ex. 4.

1                                    **I.**

2                                **ANALYSIS**

3          This motion is before the court due to a number of

4    factors that can be attributed to both parties:  poor pleading,

5    poorly-written special interrogatories, and poor responses to these

6    interrogatories.  Defendant brings this motion in an attempt to

7    limit the legal theories under which plaintiff may bring his

8    retaliation claim - namely under federal law and only under Title

9    VII.  Below, I explain why plaintiff may rely on both state and

10   federal law to bring his retaliation claim.[2]

11   **A.  PLAINTIFF'S COMPLAINT AND PROCEDURAL HISTORY**

12          Plaintiff's complaint contains two claims for relief.  The

13   first claim, dismissed in November 2005 by stipulation of the

14   parties, contained a heading which stated "Discrimination Based on

15   Disability and/or Perceived Disability 42 U.S.C. § 12101 and Cal.

16   Govt. Code § 12940 et seq."  Compl. at 4.  The second claim is

17   entitled "retaliation" but there is no specific reference to a

18   _____

19          [2]  Asberry explains in his March 2006 status report that he
     brings his retaliation claim under 42 U.S.C. § 1983 as well.

20   Defendant asks the court to limit plaintiff to a Title VII
     retaliation suit , the court will not and cannot do so.  Plaintiff

21   is entitled to bring his law suit under a number of theories of his
     choice.  See 61A Am. Jur. 2d Pleading § 184 (2005)(The "theory of

22   pleadings" doctrine, under which a complaint must proceed upon some
     definite theory, and the plaintiff must succeed on that theory or

23   not succeed at all, has been all but abolished under federal
     rules).  Further, defendant has not provided the court with any

24   legal reason as to why plaintiff cannot assert a retaliation
     employment claim under 42 U.S.C. § 1983, which is indeed a

25   cognizable claim.  See, e.g., Waters v. Young, 100 F.3d 1437, 1439
     (9th Cir. 1996) (plaintiff brought claims under 42 U.S.C. § 1983

26   for retaliatory refusal-to-hire based on his prior lawsuits).

                                      3

1   federal or state law within that cause of action.

2       The complaint contains factual and legal allegations common

3   to both claims within paragraphs 3 through 14.  The legal and

4   factual allegations related specifically to the first claim for

5   disability discrimination are contained in paragraphs 15 through

6   21.  The legal and factual allegations related to the second claim

7   for retaliation are contained in paragraphs 22 through 25 of the

8   complaint.  Notably, the retaliation claim section includes an

9   "incorporation by reference" clause which incorporates every other

10  paragraph in the complaint, including paragraph 17, which is

11  contained within the first claim for relief and states that

12  "Defendants [sic] conduct violates the American with Disabilities

13  Act, 42 U.S.C. 12101, et seq., Title 1, and the Fair Employment and

14  Housing Act."  Based on the complaint and the incorporation clause

15  at paragraph 22 incorporating paragraphs 16 and 17, it appears that

16  plaintiff has alleged retaliation under both the ADA and FEHA.

17  **B.   SPECIAL INTERROGATORIES**

18      Defendant, however, argues that after it propounded special

19  interrogatories to "flush out plaintiff's allegations and legal

20  theories," plaintiff's responses on June 9, 2005 disclosed that his

21  retaliation claim was not being brought under state law.  Def.'s

22  Mot. at 4-3.  As defendant notes, the interrogatories asked

23  plaintiff to identify all facts, witnesses, and documents which

24  plaintiff contended supported those claims. Plaintiff's responses

25  to the interrogatories did little to clarify the legal theories

26  upon which he would bring suit.  Although plaintiff's responses

4

1  disclosed that he would not be pursuing his first claim for
2  disability discrimination, plaintiff stated that he would
3  nevertheless seek to prove the "loss of earnings capacity" and
4  "extreme and emotional distress" allegations contained within
5  paragraphs related to the first disability discrimination claim.
6  Pl.'s Responses at Response 6, 11 and 13.  Plaintiff also disclosed
7  that he would not seek to prove allegations that he suffered "a
8  substantial loss in earnings and job benefits" or that he suffered
9  "humiliation, embarrassment, mental and emotional distress and
10 discomfort" even though those allegations were contained within
11 paragraphs related to his remaining retaliation claim.  Id. at
12 Response 14 and 15.  As defendant points out, plaintiff's answer
13 to Special Interrogatory Number 10 could be viewed as a dismissal
14 of any FEHA claim.  Interrogatory 10 asks plaintiff to provide
15 further information "If YOU contend YOUR termination "violates the
16 Americans with Disabilities Act, . . . , and the Fair Employment
17 and Housing Act as alleged in paragraph 17 of YOUR complaint
18 . . . ."  Plaintiff responded that he "is withdrawing this claim
19 because he did not exhaust him [sic] administrative remedies."

20     Based on plaintiff's pleadings and his answers to the
21 interrogatory, defendant argues that despite the liberalized
22 pleading rules, plaintiff should not "be allowed to wait until the
23 last minute before ascertaining or disclosing the theories on which
24 he intends to build his case."  Def.'s Mot. at 4.  While the court
25 agrees that plaintiff's pleadings and responses to the
26 interrogatories are less than pellucid, as explained further below,

5

1  because defendant will not be prejudiced if plaintiff is allowed

2  to pursue his state law claim, defendant's request to dismiss

3  plaintiff's FEHA claim must be DENIED.

4  **C.    DEFENDANT SUFFERS NO PREJUDICE IF PLAINTIFF'S RETALIATION**
        **CLAIM IS BROUGHT UNDER FEHA.**

5

6      Plaintiff's responses to the interrogatories leave unclear

7  which legal theories plaintiff intends to pursue.  Given the

8  incorporation clause and that the only statutes even mentioned in

9  the complaint are FEHA and the ADA, it is fair to assume based on

10 the pleadings that plaintiff brings his retaliation claim pursuant

11 to these two statutes.  Defendant relies heavily on Special

12 Interrogatory 10 which referred to ¶ 17 of the complaint and which

13 contained a reference to both FEHA and the ADA and to plaintiff's

14 response that he agreed to dismiss that particular claim.

15 Plaintiff, however, explains in his opposition that he responded

16 to the question with the understanding that the question was

17 "limited to the disability claim." All in all, the court finds the

18 pleadings to be confusing, as are the special interrogatory

19 questions and the responses to these interrogatories.  The court

20 cannot accept defendant's contention that Special Interrogatory 10

21 disposed of plaintiff's state law retaliation claim.

22     Although defendant claims it would be prejudiced if plaintiff

23 is allowed to proceed on the state law claim, the contention is

24 unpersuasive.  As plaintiff points out, he perfected his

25 retaliation claim by exhausting administrative remedies and filing

26 charges with the California Department of Fair Employment & Housing

1  ("DFEH") and with the Equal Employment Opportunity Commission

2  ("EEOC").  The charge was served on defendant in 2004, prior to the

3  suit being filed (Telfer Decl. ¶ 3, Pl.'s Ex. 1).  The complaint,

4  as described above, identifies the claims as being based on the ADA

5  and FEHA.  Thus, defendant has been on notice for over a year that

6  there is a strong likelihood that plaintiff would pursue recovery

7  under FEHA for his retaliation claim.  Moreover, the factual basis

8  and theory of retaliation under both state and federal law is the

9  same.  Under both federal and state law, plaintiff must still prove

10 that he engaged in protected activity, that defendant took an

11 adverse action against him, and that there was a causal connection.

12 See Pl.'s Opp'n at 5 (citing Flait v. North American Watch Corp.,

13 3 Cal.App.4th 467 (1992); Ostand v. Oregon Health Sciences Univ.,

14 327 F.3d 876, 885 (9th Cir. 2003)).  The prima facie elements of

15 the retaliation claims under both state and federal law are the

16 same and the same evidence would be required to prove each case.[3]

17      Finally, most courts have held that under notice pleading

18 plaintiff need only plead the operative facts in the litigation and

19 that the federal rules do not require the complaint to include a

20 theory of a case, much less the statutory basis for recovery.

21 Daniels v. USS Agri-Chem., 965 F.2d 376, 381 (7th Cir. 1992)

22 (citation omitted); Rohler v. TRW, Inc., 576 F.2d 1260, 1264 (7th

23 Cir. 1978); Hostrop v. Board of Junior College District No. 515,

24

25      [3] As plaintiff points out, the only difference is that under
   federal law there are caps on general damages which do not exist
   under state law, and multipliers for attorney fee awards are only
26 recoverable under state law.

1  523 F.2d 569, 581 (8th Cir. 1975), cert. denied, 425 U.S. 963, 96

2  (1976); Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974);

3  Siegelman v. Cunard White Star Ltd., 221 F.2d 189, 196 (2d Cir.

4  1955); cf. New York State Waterways Assn. v. Diamond, 469 F.2d 419,

5  421 (2d Cir. 1972) (court's duty to read pleading liberally to

6  determine whether facts alleged justify taking jurisdiction on

7  grounds other than those most artistically pleaded).  As the

8  Supreme Court has explained, the "simplified notice pleading

9  standard relies on liberal discovery rules and summary judgment

10 motions to define disputed facts and issues and to dispose of

11 unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506,

12 512 (2002).  Through discovery and through the course of this

13 litigation, the court finds that defendant has been on notice that

14 plaintiff would proceed under FEHA to bring his retaliation claim.[4]

15 ////

16 ////

17 ////

18 ////

19

20  [4]  Defendant relies heavily on Vidimos, Inc. v. Laser Lab
Ltd., 99 F.3d 217 (7th Cir. 1996), for the proposition that a

21 district court may limit plaintiff to his original theories in his
complaint. Vidimos, however, actually assists plaintiff's

22 position. The Seventh Circuit explained that the Federal Rules of
Civil Procedure do not require a plaintiff to plead legal theories.

23 The court also noted that only in two circumstances can and should
a district court hold a plaintiff to his original theory - where

24 the complaint explicitly or implicitly disclaims certain legal
characterizations, or where by tacit agreement of the parties a

25 possible interpretation may not be pursued. Id. at 222. Despite
the ambiguity generated by a less than clear complaint and by the

26 interrogatories and their responses, neither of these two
circumstances exist in the case at bar.

1    Defendant's motion to exclude plaintiff's retaliation claim

2 based on state law is DENIED.

3    IT IS SO ORDERED.

4    DATED:  April 28, 2006.

5                                    /s/Lawrence K. Karlton
                                     LAWRENCE K. KARLTON
6                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9