1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL ASBERRY,
                                      NO. CIV. S-01-2343 LKK/JFM
12            Plaintiff,

13        v.                          **PRETRIAL CONFERENCE ORDER**
                                             **[FINAL]**
14   CITY OF SACRAMENTO/SANITATION
     DEPARTMENT,
15
              Defendant.
16   _____/

17        Pursuant to court order, a Pretrial Conference was held in

18   Chambers on March 6, 2006.  JILL TELFER appeared as counsel for

19   plaintiff; ANGELA CASAGRANDA appeared as counsel for defendant.

20   JILL TELFER and ANGELA CASAGRANDA are therefore designated as lead

21   trial counsel.  On March 30, 2006, the court issued its tentative

22   pretrial order. After consideration of the parties' objections and

23   requests for augmentation, the court makes the following ORDERS:

24                    **I.  JURISDICTION/VENUE**

25        Jurisdiction is predicated upon 28 U.S.C. § 1331, and has

26   previously been found to be proper by order of this court, as has

                                 1

1  venue.   Those orders are confirmed.

2  **II.   JURY/NON-JURY**

3  Plaintiff has timely demanded a jury trial and this matter
4  will be tried to a jury.

5  **III.   UNDISPUTED FACTS**

6  1.   At the relevant time, plaintiff, Michael Asberry, worked
7  for defendant City of Sacramento.

8  2.   At the relevant time, plaintiff held the position of
9  Sanitation Worker II.

10  3.   Plaintiff incurred cumulative on-the-job injuries during
11  his employment.

12  4.   In February 1998, plaintiff injured his back at work.

13  5.   On August 24, 1998, plaintiff was diagnosed with a
14  herniated disk at L5-S1.

15  6.   The City's workers' compensation claims representatives
16  periodically received physicians' orders limiting plaintiff's
17  physical activities and physicians' medical opinions regarding
18  plaintiff's physical capabilities and restrictions.

19  7.   On February 22, 2000, plaintiff asked for an accommodation
20  of no lifting over 75 pounds.

21  8.   On March 28, 2000, the City transferred plaintiff back to
22  his position as a Sanitation Worker II.

23  **IV.   DISPUTED FACTUAL ISSUES**

24  1.   Whether or not from the time that plaintiff filed his
25  workers' compensation claim, the City's claim representatives
26  periodically received physicians' orders limiting the plaintiff's

2

1 | lifting.

2 | 2. Whether or not, for the most part, those orders restricted
3 | lifting over 40 pounds.

4 | 3. Whether or not, in approximately September or October of
5 | 1998, plaintiff was placed in a side-loader position, primarily
6 | performing residential pickup.

7 | 4. Whether or not in the modified position, plaintiff did not
8 | need to lift heavy objects.

9 | 5. Whether or not in this modified position, plaintiff was
10 | also assigned odd jobs and performed everything except recycling.

11 | 6. Whether or not plaintiff worked the side loader for
12 | approximately nine months and received a meets-and-exceeds
13 | performance evaluation.

14 | 7. Whether or not, in July of 1999, the City received a
15 | progress report from plaintiff's treating physician.

16 | 8. Whether or not the report stated that, in addition to the
17 | 40 pound lifting restriction, plaintiff should do no "bending, or
18 | stooping" and "no consecutive sitting for over one to two hours
19 | without a five to ten minute stretch break."

20 | 9. Whether or not, following this report, the City decided
21 | that plaintiff was unable to meet the physical requirements of any
22 | position available for the category of Sanitation Worker II.

23 | 10. Whether or not, on September 8, 1999, plaintiff was
24 | terminated.

25 | 11. Whether or not plaintiff provided the City with a
26 | physician's release stating the plaintiff's only restriction was

3

1  he was not to lift more than 40 pounds.

2      12.  Whether or not plaintiff was "disabled" within the
3  meanings of the ADA or the FEHA.

4      13.  Whether or not plaintiff was regarded as having a
5  physical impairment that substantially limited one or more of his
6  major life activities under the ADA.

7      14.  Whether or not plaintiff had a physical condition that
8  limited his ability to participate in a major life activity under
9  the FEHA.

10     15.  Whether or not plaintiff was regarded as having a
11 physical condition that limited his ability to participate in a
12 major life activity under the FEHA.

13     16.  Whether or not plaintiff was able to perform the
14 essential functions of the job(s) at issue, with or without a
15 reasonable accommodation.

16     17.  Whether or not lifting and/or bending, stooping or
17 sitting are essential functions of the Sanitation Worker II
18 position.

19     18.  Whether or not plaintiff requested an accommodation
20 before February 22, 2000.

21     19.  Whether or not the City failed to accommodate plaintiff.
22     20.  Whether or not the City knew plaintiff had a qualified
23 disability.

24     21.  Whether or not any requested accommodation was
25 reasonable.

26 ////

4

1    22.  Whether or not any requested accommodation would have
2  created an undue hardship for the City.

3    23.  Whether or not the City failed to engage in the
4  interactive process.

5    24.  Whether or not allowing plaintiff to be permanently
6  assigned to the side loader position would have created an undue
7  hardship for the City.

8    25.  Whether or not the City terminated plaintiff with a
9  qualified disability as the motivating factor.

10    26.  Whether or not plaintiff was more senior than many of the
11  assigned non-floating employees.

12    27.  Whether or not Rutty fabricated claims that plaintiff
13  would lose his medical coverage, held up his paycheck and supplied
14  the City's doctors with misinformation regarding plaintiff to his
15  detriment such as plaintiff was performing the recycle position.

16    28.  Whether or not defendants delayed plaintiff's reasonable
17  accommodation request for specifications treatment for six months.

18    29.  Whether or not the City has tried to impose discipline
19  and threatened discipline with plaintiff's disability as a
20  motivating factor.

21    30.  Whether or not the City permitted plaintiff to work in
22  a modified Sanitation Worker position until his physical condition
23  was found to be permanent and stationary.

24    31.  Whether or not in August of 1999, the City compared the
25  duties of a Sanitation Worker II with plaintiff's physical
26  restrictions and limitations to determine whether he could perform

5

1  any of the operational positions in the Solid Waste Department.

2      32.   Whether or not in August of 1999, the City determined
3  that plaintiff could not perform the duties of any of the
4  operational positions in Solid Waste due to his physical
5  limitations and restrictions.

6      33.   Whether or not plaintiff entered vocational
7  rehabilitation in or about September 1999.

8      34.   Whether or not plaintiff worked for defendant City of
9  Sacramento as a garbage collector from September 3, 1992 until
10 September 8, 1999 and March 22, 2000 to the present.

11     35.   Whether or not at all relevant times, plaintiff worked
12 as a Sanitation II classification for the City.

13     36.   Whether or not plaintiff was precluded from very heavy
14 work.

15     37.   Whether or not plaintiff worked in a temporary
16 modified position from approximately July 1998 to October 1998
17 doing clerical work.

18     38.   Whether or not, on March 22, 2000, plaintiff was allowed
19 to return to the position he held prior to September 8, 1999.

20     39.   Whether or not from September 8, 1999 to March 28, 2000,
21 plaintiff did not work and did not receive any compensation.

22     40.   Whether or not all the performance evaluations have been
23 favorable.

24              **V.   DISPUTED EVIDENTIARY ISSUES**

25     On December 4, 2003, the court heard and resolved the parties'
26 motions in limine relative to disputed evidentiary issues.

6

On plaintiff's motions in limine, the court ruled as follows:

1. To exclude evidence of alleged wage garnishment, the motion was granted.

2. To exclude documents and testimony of witnesses not identified in defendant's disclosure, the motion was denied.

3. To exclude Terry Jiminez as a witness not listed in the initial disclosure, the motion was denied.

4. To exclude testimony regarding a $13,000 setoff, the motion was granted.

5. To exclude any evidence regarding the stipulation that plaintiff received the setoff, the motion was denied.

On defendant's motions in limine, the court ruled as follows:

1. To exclude evidence that Cheryl Rutty harassed plaintiff, the motion was denied.

2. To exclude evidence about interactions between Ms. Rutty and plaintiff, the motion was denied.

3. To exclude evidence of alleged pretextual and threatened discipline, the motion was denied.

4. To exclude evidence of delay of approval of treatment, the motion was denied.

5. To exclude evidence of delay of approval of treatment by steroid injections, the motion was granted.

Defendant has brought on motions in limine relative to the plaintiff's religious beliefs and to exclude evidence of plaintiff's bankruptcy action. The court will take up the motion in limine on June 6, 2006 at 1:30 p.m.

7

1    The parties will not be permitted to bring motions in limine
2    relative to any evidentiary issues not listed in the final pretrial
3    order absent a showing that the issue was not reasonably
4    foreseeable at the time of the pretrial order.

5                          **VI.   RELIEF SOUGHT**

6    Plaintiff seeks the following:

7        a.   Compensatory damages, including back pay;

8        b.   Pain and suffering damages; and

9        c.   An award of reasonable attorneys' fees and costs.

10   Defendant seeks the following:

11       a.   Judgment in its favor; and

12       b.   An award of reasonable attorneys' fees and costs.

13                         **VII.   POINTS OF LAW**

14   Trial briefs shall be filed with the court no later than
15   fourteen (14) days prior to the date of trial in accordance with
16   Local Rule 16-285.  The parties shall brief the following points
17   of law in their trial briefs:

18       a.   The elements, standards, and burden of proof relative to
19   a claim for failure to accommodate under FEHA under the facts and
20   circumstances of this case; and

21       b.   The measure of damages as to claims for failure to
22   accommodate under the FEHA.

23   ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
24   ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT
25   BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

26                       **VIII.   ABANDONED ISSUES**

8

1    None.

2                              **IX.  WITNESSES**

3        Plaintiff anticipates calling the following witnesses:    See
4    Attachment "A."

5        Defendant anticipates calling the following witnesses:    See
6    Attachment "B."

7        Each party may call a witness designated by the other.

8        A.   No other witnesses will be permitted to testify unless:

9             (1)   The party offering the witness demonstrates that the
10   witness is for the purpose of rebutting evidence which could not
11   be reasonably anticipated at the Pretrial Conference, or

12            (2)   The witness was discovered after the Pretrial
13   Conference and the proffering party makes the showing required in
14   "B" below.

15       B.   Upon the post-Pretrial discovery of witnesses, the
16   attorney shall promptly inform the court and opposing parties of
17   the existence of the unlisted witnesses so that the court may
18   consider at trial whether the witnesses shall be permitted to
19   testify.   The evidence will not be permitted unless:

20            (1)   The witnesses could not reasonably have been
21   discovered prior to Pretrial;

22            (2)   The court and opposing counsel were promptly
23   notified upon discovery of the witnesses;

24            (3)   If time permitted, counsel proffered the witnesses
25   for deposition;

26            (4)   If time did not permit, a reasonable summary of the

                                    9

1  witnesses' testimony was provided opposing counsel.

2  ## X.   EXHIBITS, SCHEDULES AND SUMMARIES

3  Pursuant to the court's order dated May 16, 2006, the court
4  shall rule on the parties' objections as to exhibits on June 6,
5  2006 at 1:30 p.m.  The final pretrial order will be amended
6  accordingly.

7  The attorney for each party is directed to appear before and
8  present an original and one (1) copy of said exhibit to Ana Rivas,
9  Deputy Courtroom Clerk, not later than 10:30 a.m. on the date set
10 for trial.  All exhibits shall be submitted to the court in
11 binders.   Plaintiff's exhibits shall be listed numerically.
12 Defendant's exhibits shall be listed alphabetically.  The parties
13 shall use the standard exhibit stickers provided by the court:
14 pink for plaintiff and blue for defendant.

15 ## XI.   DISCOVERY DOCUMENTS

16 Neither party intends to introduce discovery documents in
17 their case-in-chief.

18 ## XII.   FURTHER DISCOVERY OR MOTIONS

19 Pursuant to the court's Status Conference Order, all discovery
20 and law and motion was to have been conducted so as to be completed
21 as of the date of the Pretrial Conference.   That order is
22 confirmed.   The parties are, of course, free to do anything they
23 desire pursuant to informal agreement.  However, any such agreement
24 will not be enforceable in this court.

25 ## XIII.   STIPULATIONS

26 None.

10

#### XIV.  **AMENDMENTS/DISMISSALS**

None.

#### XV.  **FURTHER TRIAL PREPARATION**

A.  Counsel are directed to Local Rule 16-285 regarding the contents of and the time for filing trial briefs.

B.  Counsel are informed that the court has prepared a set of standard jury instructions.  In general, they cover all aspects of the trial except those relating to the specific claims of the complaint.  Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared instructions. A copy of the prepared instructions was emailed to the parties concurrently with the tentative Pretrial Order.

C.  Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial.  As to any instructions counsel desires to offer, they shall be prepared in accordance with Local Rule 51-163(b)(1) which provides:

> "Two copies of the instructions shall be submitted. One copy shall be electronically filed as a .pdf document and shall contain each instruction on a separate page, numbered and identified as to the party presenting it. Each instruction shall cite the decision, statute, ordinance, regulation or other authority supporting the proposition stated in the instruction."

The second copy ("jury copy") shall be submitted by e-mail to lkkorders@caed.uscourts.gov.

**In addition, counsel shall provide copies of proposed forms of verdict, including special verdict forms, at the time the proposed jury instructions are filed with the court.**

11

1    D.   It is the duty of counsel to ensure that any deposition
2  which is to be used at trial has been filed with the Clerk of the
3  Court. Counsel are cautioned that a failure to discharge this duty
4  may result in the court precluding use of the deposition or
5  imposition of such other sanctions as the court deems appropriate.

6    E.   The parties are ordered to file with the court and
7  exchange between themselves not later than one (1) week before the
8  trial a statement designating portions of depositions intended to
9  be offered or read into evidence (except for portions to be used
10 only for impeachment or rebuttal).

11   F.   The parties are ordered to file with the court and
12 exchange between themselves not later than one (1) week before
13 trial the portions of answers to interrogatories which the
14 respective parties intend to offer or read into evidence at the
15 trial (except portions to be used only for impeachment or
16 rebuttal).

17   G.   The court has extensive audiovisual equipment available.
18 Any counsel contemplating its use shall contact the court's
19 Telecommunications Manager, Andre Carrier, at (916) 930-4223, at
20 least two weeks in advance of trial to receive the appropriate
21 training.

22              **XVI.   SETTLEMENT NEGOTIATIONS**

23   A Settlement Conference was held before the Honorable Frank
24 C. Damrell, Jr.

25              **XVII.   AGREED STATEMENTS**

26   None.

12

### XVIII.   SEPARATE TRIAL OF ISSUES

None.

### XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

### XX.   ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 54-293.

### XXI.   MISCELLANEOUS

None.

### XXII.   ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is **SET** for June 13, 2006, at 10:30 a.m., in Courtroom No. 4.   The parties represent in good faith that the trial will take approximately five (5) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

### XXIII.   MODIFICATIONS TO PRETRIAL ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(e), this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

DATED:   May 17, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13

Case 2:01-cv-02343-LKK-KJM  Document 280  Filed 05/18/06  Page 14 of 24
Case 2:01-cv-02343-LKK-KJM  Document 229  Filed 03/30/2006  Page 17 of 27
Case 2:01-cv-02343-LKK-KJM  Document 74  Filed 06/18/2003  Page 18 of 30

1  JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J. Street, Suite 200
3  Sacramento, California 95814
   Telephone:    (916) 446-1916
4  Facsimile:    (916) 446-1726

5  Attorneys for Plaintiff
   MICHAEL ASBERRY

6

7

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12 MICHAEL ASBERRY,                  )  CASE NO.  CIV. S-01-2343 LKK KJM
                                     )
13         Plaintiffs,               )  APPENDIX G. TO PLAINTIFF'S AMENDED
                                     )  PRETRIAL STATEMENT
14    v.                             )
                                     )  PLAINTIFF'S TRIAL WITNESSES LIST
15 CITY OF SACRAMENTO/SANITATION     )
   DEPARTMENT,                       )  Date:       April 21, 2003
16                                   )  Time:       1:30 p.m.
         Defendants.                 )  Courtroom:  4
17                                   )  Judge:      The Honorable Lawrence K.
                                     )             Karlton, Chief Judge Emeritus:
18 _____  )

19         Plaintiff MICHAEL ASBERRY anticipates calling the following witnesses at trial:

20 Michael Asberry          Plaintiff will testify about his physical condition, his ability to do the job,
                            the essential job functions of the position, the lack of a good faith
21                          interactive process, the adverse actions taken against him, the work
                            environment, and his damages.
22
                            c/o Law Offices of Jill P. Telfer
23                          331 J. Street, Suite 200
                            Sacramento, CA 95814
24                          446.1916

25 Candy Ayers             will testify about her interactions with Plaintiff. 921 10th Street,
                           Sacramento, CA 95814, (916) 433-4950
26
   Plaintiff's Trial Witness List
27
   APPENDIX G TO PLAINTIFF'S
28 PRETRIAL STATEMENT                        ATTACHMENT "A"

Case 2:01-cv-02343-LKK-KJM  Document 280  Filed 05/18/06  Page 15 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 18 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 08/18/2003   Page 19 of 30

| | |
|---|---|
| Pia Basudev | will testify abouther efforts to get Plaintiff back to work, Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. She will also testify about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability.<br>(916) 928-0399 |
| Otto Braswell | will testify about Defendant's failure to engage in the interactive process. and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance.<br>10th Street, Sacramento, CA 95814 |
| Delbert Burrell | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance.<br>10th Street, Sacramento, CA 95814 |
| Allen Carruth | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance.<br>10th Street, Sacramento, CA 95814 |
| Brian Higginbothum | Higginbothum will testify about the lack of an interactive process, the adverse actions taken against him, with his physical condition as a motivating factor. |
| Kathy Widing | will testify abouther efforts to get Plaintiff back to work, Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. She will also testify about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability.<br>13305 Woodlake Road, Grass Valley CA 95949 |
| Cedar Kehoe | c/o Law Offices of O'Brien & Brown LLP<br>2339 Gold Meadow Way, Suite 230<br>Gold River, CA 95670 |
| Eduado Desmond | will testify about Plaintiff's performance, Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of |

Plaintiff's Trial Witness List

APPENDIX G TO PLAINTIFF'S

PRETRIAL STATEMENT                    -2-

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 16 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 19 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 20 of 30

| | | |
|---|---|---|
| 1 | | discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. |
| 2 | | 921 10th Street, Sacramento, CA 95814 |
| 3 | | |
| 4 | Dean Khan | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of discriminating against those with |
| 5 | | disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. He also is |
| 6 | | knowledgeable of Plaintiff's work performance. 10th Street, Sacramento, CA 95814 |
| 7 | | |
| 8 | Edison Hicks | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify |
| 9 | | about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of |
| 10 | | such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance. |
| 11 | | 10th Street, Sacramento, CA 95814 |
| 12 | John Irish | will testify Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify |
| 13 | | about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of |
| 14 | | such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance. |
| 15 | | 921 10th Street, Sacramento, CA 95814 |
| 16 | Rudy Juarez | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify |
| 17 | | about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of |
| 18 | | such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance. |
| 19 | | 10th Street, Sacramento, CA 95814 |
| 20 | Cheryl Rutty | will testify about her interactions with Plaintiff, his requests for reasonable accoomodation and the City's response. 921 10th Street, |
| 21 | | Sacramento, CA 95814, (916) 433-4950 921 10th Street, Sacramento, CA 95814 |
| 22 | | |
| 23 | Beicious Smith | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify about the pattern and practice of discriminating against those with |
| 24 | | disability by refusing to accommodate, interact and efforts to get rid of such employees if and when they develop a disability. He also is |
| 25 | | knowledgeable of Plaintiff's work performance. |
| 26 | | |
| 27 | Plaintiff's Trial Witness List | |
| | APPENDIX G TO PLAINTIFF'S | |
| 28 | PRETRIAL STATEMENT | -3- |

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 17 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 20 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 21 of 30

| | | |
|---|---|---|
| 1 | J. Graham Bray, M.D. | Plaintiff's medical condition, communications with Defendant, and the necessary reasonable accommodation. |
| 2 | | 425 University Avenue, Suite 140, Sacramento, CA 95825, (916) 920-1222. |
| 3 | | |
| 4 | Daniel Dunlevy, M.D. | Plaintiff's medical condition, communications with Defendant, and the necessary reasonable accommodation. 3609 Mission Ave., Suite B, Carmichael, CA 95608, (916) 973-8721. |
| 5 | Kenneth Koskella, M.D. | Plaintiff's medical condition, communications with Defendant, and the necessary reasonable accommodation. 3530 Auburn Blvd, Suite 3, |
| 6 | | Sacramento, CA 95821,   800-338-7403. |
| 7 | Robert McAuley, M.D. | Plaintiff's medical condition, communications with Defendant, and the necessary reasonable accommodation. |
| 8 | | |
| 9 | Jim Wallace, D.C. | Plaintiff's medical condition, communications with Defendant, and the necessary reasonable accommodation. 3609 Mission Ave., Suite B. Carmichael, CA 95608, |
| 10 | | (916) 973-8721. |
| 11 | Jacquelyn Sangers | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify |
| 12 | | about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of |
| 13 | | such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance. |
| 14 | | 10th Street, Sacramento, CA 95814 |
| 15 | Reina Schwartz | will testify about Defendant's failure to engage in the interactive process, and the ability of the City to accommodate Plaintiff. He will also testify |
| 16 | | about the pattern and practice of discriminating against those with disability by refusing to accommodate, interact and efforts to get rid of |
| 17 | | such employees if and when they develop a disability. He also is knowledgeable of Plaintiff's work performance. |
| 18 | | 10th Street, Sacramento, CA 95814 |

Dated: May 7, 2003

19

20　　　　　　　　　　　　　LAW OFFICES OF JILL P. TELFER

21

22

23　　　　　　　　　　　　for JILL P. TELFER
　　　　　　　　　　　　　Attorneys for Plaintiff,
24　　　　　　　　　　　　MICHAEL ASBERRY

25

26

27　Plaintiff's Trial Witness List

　　APPENDIX G TO PLAINTIFF'S

28　PRETRIAL STATEMENT　　　　　　　-4-

## DEFENDANT'S LIST OF PROPOSED WITNESSES

1. Edna Young, C/O City of Sacramento 921 10th Street, Sacramento, California

2. Cheryl Rutty, C/O City of Sacramento 921 10th Street, Sacramento, California

3. Elizabeth Trimm, Hanna Brophy Maclean, McAleer, 99 Scripps Drive, Sacramento, California 95825

4. S. Rey Pena, 9867 Elder Creek Road, Sacramento, California 95829

5. Candy Ayers, City of Sacramento 2812 Meadowview Road, Sacramento, California

6. Margaret Allen, 1616 Redwood Lane, Davis, California 95816

7. Delbert Burrell, City of Sacramento, 2812 Meadowview Road, Sacramento, California

8. Reina Schwartz, City of Sacramento 730 I Street, Sacramento, California

9. Terry Jimenez, City of Sacramento 921 10th Street, Sacramento, California

10. Frances Gould, 921 10th Street, Sacramento, California

11. Kenneth Fleming, 921 10th Street, Sacramento, California

12. Debbie Solano, 921 10th Street, Sacramento, California

13. Kenneth Koskella, M.D., 3530 Auburn Blvd, Suite 3, Sacramento, California 95821

14. J. Graham Bray, M.D., 425 University Avenue, suite 140, Sacramento, California 95825

15. Daniel Dunlevy, M.D., 5240 Gulf Place, West Vancouver, BC, Canada

16. William Whiting, III, 2386 Fair Oaks Blvd, Suite 112, Sacramento, California 95825

17. Alan Pace, current address unknown

18. James Wallace, D.C., 3609 Mission Avenue, Suite B, Carmichael, California 95608

19. Lwanda Okella, EEOC 1301 Clay Street, Suite 1170-N Oakland, California 94612-5217

20. Norma Smith, 921 10th Street, Sacramento, California

21. Edison Hicks, 2812 Meadowview Road, Sacramento, California

22. Jacqueline Sanders, 921 10th Street, Sacramento, California

23. Pia Basudev, City of Sacramento 921 10th Street, Sacramento, California

24. Patty Velasquez

25. Lori Swinehart

## ATTACHMENT "B"

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 19 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 22 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 23 of 30

1  JILL P. TELFER (State Bar No. 145450)
   LAW OFFICES OF JILL P. TELFER
2  A Professional Corporation
   331 J, Street, Suite 200
3  Sacramento, California 95814
   Telephone:   (916) 446-1916
4  Facsimile:   (916) 446-1726

5  Attorneys for Plaintiff
   MICHAEL ASBERRY

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ASBERRY,                    )    Case No.  CIV. S-01-2343 LKK KJM
                                        )
12        Plaintiffs,                   )    APPENDIX H TO PLAINTIFF'S
                                        )    AMENDED PRETRIAL STATEMENT
13  v.                                  )
                                        )    PLAINTIFF'S TRIAL EXHIBITS
14  CITY OF SACRAMENTO/SANITATION )
    DEPARTMENT,                         )    Date:        May 19, 2003
15                                      )    Time:        1:30 p.m.
          Defendants.                   )    Courtroom:   4
16                                      )    Judge:       The Honorable Lawrence
    _____)                 K. Karlton, Chief Judge
17                                                         Emeritus:

18
    Plaintiff MICHAEL ASBERRY will mark the following documents as Trial Exhibits in this matter:
19
    Exhibit 1    Michael Asberry Employee Performance Appraisal Report from August 16, 1997 to
20
                 August 15, 1998.
21
    Exhibit 2    Michael Asberry Employee Performance Appraisal Report from August 15, 1998 to
22
                 August 14, 1999.
23
    Exhibit 3    Michael Asberry Employee Performance Appraisal Report from August 14, 1999 to
24
                 August 12, 2000
25
    Exhibit 4    Solid Waste Division Organizational Chart bate stamped PR20-0001-0002.
26
    Exhibit 5    City of Sacramento-Modified/Alternative Duty Policy and Forms
27
    Exhibit 6    March 10, 1998 Doctor's Report of Occupational Injury.
28

                                    ATTACHMENT "C"

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 20 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 23 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 24 of 30

| | | |
|---|---|---|
| 1 | Exhibit 7 | June 23, 1998 Duty Status Report |
| 2 | Exhibit 8 | April 5, 1999 Physiatry Follow-up Report of Dr. Dunlevy |
| 3 | Exhibit 9 | April 5, 1999 Dr. Graham Bray Evaluation |
| 4 | Exhibit 10 | June 8, 1999 Physiatry Follow-up Report of Dr. Dunlevy |
| 5 | Exhibit 11 | July 6, 1999 Dr. Graham Bray Evaluation |
| 6 | Exhibit 12 | July 7, 1999 Primary Treating Physicians Progress Report of Dr. Dunlevy |
| 7 | Exhibit 13 | July 27, 1999 Evaluation of Dr. Kenneth R. Koskella |
| 8 | Exhibit 14 | August 13, 1999 letter from Dr. Graham Bray to Elizabeth Trimm |
| 9 | Exhibit 15 | August 18, 1999 memo from S. Ray Pena to Michael Asberry. |
| 10 | Exhibit 16 | August 31, 1999 Memo from Edison Hicks to S. Ray Pena |
| 11 | Exhibit 17 | September 8, 1999 Termination Letter from Reina Schwartz of Michael Asberry |
| 12 | Exhibit 18 | Executed Authorization Request for Nerve Root block, dated September 9, 1999. |
| 13 | Exhibit 19 | September 10, 199 Letter from Pia Basudev to Reina Schwartz enclosing doctor's |
| 14 | | note restricting to 40 lbs. |
| 15 | Exhibit 20 | September 18, 1999 hand-written letter from Michael Asberry to the Worker's |
| 16 | | Compensation Unit. |
| 17 | Exhibit 21 | September 30, 1999 letter to Margaret Allan from Pia Basudev |
| 18 | Exhibit 22 | October 7, 1999 Primary Treating Physicians Progress Report |
| 19 | Exhibit 23 | March 13, 2000 letter from Elizabeth Trimm to Michael Asberry. |
| 20 | Exhibit 24 | Memo from Pia Basudev to EEOC counselor Lwanda Okello dated 11/16/00 |
| 21 | | enclosing Defendant's October 999 grievance response to floating versus assigned |
| 22 | | Sanitation Worker II positions. |
| 23 | Exhibit 25 | The EEOC determination of discrimination |

24   Dated: May 7, 2003

LAW OFFICES OF JILL P. TELFER

for JILL P. TELFER
Attorneys for Plaintiff,
MICHAEL ASBERRY

-2-

Case 2:01-cv-02343-LKK-KJM    Document 280    Filed 05/18/06    Page 21 of 24
Case 2:01-cv-02343-LKK-KJM    Document 229    Filed 03/30/2006    Page 24 of 27
Case 2:01-cv-02343-LKK-KJM    Document 74    Filed 06/18/2003    Page 25 of 30

| | **DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS** |
|---|---|
| Exhibit A | City of Sacramento Employee Accident and Injury Record for Michael Asberry |
| Exhibit B | June 11, 1997 Attending Physician's Report |
| Exhibit C | February 20, 1998 Workers' Compensation Claim |
| Exhibit D | February 23, 1998 City of Sacramento Report of Industrial Injury |
| Exhibit E | March 10, 1998 Doctors First Report of Occupational Injury or Illness |
| Exhibit F | June 24, 1998 Workers' Compensation Claim |
| Exhibit G | June 23, 1998 Duty Status Report |
| Exhibit H | July 10, 1998 Modified Duty Assignment |
| Exhibit I | September 25, 1998 Progress Report by Sacramento Spine and Physical Therapy |
| Exhibit J | July 30, 1998 Physiatry Consultation |
| Exhibit K | September 8, 1998 Physiatry Follow-Up Report |
| Exhibit L | February 8, 1999 Physiatry Follow-Up Report |
| Exhibit M | April 5, 1999 Bray Report |
| Exhibit N | April 5, 1999 Physiatry Follow-Up Report |
| Exhibit O | April 5, 1999 Work Restriction and TTD Report |
| Exhibit P | April 27, 1999 Objection to Treating Doctor's Report |
| Exhibit Q | June 8, 1999 Physiatry Follow-Up Report |
| Exhibit R | July 6, 1999 Bray Report |
| Exhibit S | July 7, 1999 Primary Treating Physician's Progress Report |
| Exhibit T | July 20, 1999 Universal Chiropractic Report |
| Exhibit U | July 27, 1999 Koskella Report with Findings Summary Cover Sheet |
| Exhibit V | July 29, 1999 Primary Treating Physician's Progress Report |
| Exhibit W | August 13, 1999 Bray Report |
| Exhibit X | September 8, 1999 Primary Treating Physician's Progress Report |
| Exhibit Y | September 8, 1999 Primary Treating Physician's Progress Report |
| Exhibit Z | September 9, 1999 nerve root block authorization |

*ATTACHMENT "D"*

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 22 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 25 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 26 of 30

| | | |
|---|---|---|
| 1 | Exhibit 2A | September 4, 1999 McCauley Report |
| 2 | Exhibit 2B | October 5, 1999 Koskella Report |
| 3 | Exhibit 2C | October 7, 1999 Primary Treating Physician's Progress Report |
| 4 | Exhibit 2D | September 7, 1999 and October 13, 1999 work restrictions |
| 5 | Exhibit 2E | November 9, 1999 Primary Treating Physician's Progress Report |
| 6 | Exhibit 2F | November 24, 1999 Operative Report |
| 7 | Exhibit 2G | March 7, 2000 Bray Report with March 13, 2000 Trimm cover letter |
| 8 | Exhibit 2H | Stipulations with Request for Award |
| 9 | Exhibit 2I | Gymnasium membership prescriptions dated November 9, 1999, November 28, 2000, May 29, 2001 and January 29, 2002 |
| 10 | Exhibit 2J | December 20, 2001 Universal Chiropractic Report |
| 11 12 | Exhibit 2K | Detail of Chiropractor visits for Michael Asberry dated January 999 through November 2002 with cover letter dated January 15, 2002 |
| 13 | Exhibit 2L | July 11, 2002 Primary Treating Physician's Progress Report |
| 14 | Exhibit 2M | July 10, 2002 Universal Chiropractic Report with attachments |
| 15 | Exhibit 2N | August 8, 2002 Primary Treating Physician's Progress Report with Young cover letter |
| 16 17 | Exhibit 2O | August 22, 2002 Universal Chiropractic Report with attachments and Young cover letter |
| 18 19 | Exhibit 2P | November 14, 2002 Primary Treating Physician's Progress Report with attachment and Young cover letter |
| 20 | Exhibit 2Q | February 20, 2003 Universal Chiropractic Report with attachments and Young cover letter |
| 21 | Exhibit 2R | Sanitation Worker II Job Description dated June 1988 |
| 22 | Exhibit 2S | Description of Employee's Job Duties for Sanitation Worker II Side Loader |
| 23 24 | Exhibit 2T | January 10, 2000 Essential Functions Job Analysis with January 25, 2000 Trimm cover letter |
| 25 | Exhibit 2U | October 11, 1999 Margaret Allen letter to Pia Basudev |
| 26 | Exhibit 2V | September 28, 1999 Trimm letter to Dunlevy |
| 27 | Exhibit 2W | October 12, 1999 Mastagni letter to City of Sacramento |
| 28 | Exhibit 2X | November 16, 2000 Basudev letter to Okella with October 5, 1999 attachment from Sanders to Basudev |

2

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 23 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 26 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 27 of 30

| | | |
|---|---|---|
| 1 | Exhibit 2Y | August 18, 1999 Pena letter to Michael Asberry |
| 2 | Exhibit 2Z | August 18, 1999 Pena Memorandum to Hicks |
| 3 | Exhibit 3A | Vocational rehabilitation reply form signed by Michael Asberry on August 20, 1999 |
| 4 | | |
| 5 | Exhibit 3B | August 31, 1999 Hicks Memorandum to Pena |
| | Exhibit 3C | September 8, 1999 Schwartz memorandum to Michael Asberry |
| 6 | Exhibit 3D | September 10, 1999 Pena letter to Michael Asberry |
| 7 | Exhibit 3E | September 10, 1999 Pena letter to Michael Asberry |
| 8 | Exhibit 3F | September 10, 1999 Pena letter to Michael Asberry |
| 9 | Exhibit 3G | Vocational rehabilitation Case Assignment to Whiting |
| 10 | | |
| 11 | Exhibit 3H | September 22, 1999 Pena letter to Michael Asberry |
| 12 | Exhibit 3I | October 21, 1999 Pena letter to Michael Asberry |
| 13 | Exhibit 3J | November 16, 1999 Pena letter to John Pedone |
| 14 | Exhibit 3K | November 23, 1999 Whiting letter to Mason |
| 15 | Exhibit 3L | December 30, 1999 Pena letter to Michael Asberry |
| 16 | Exhibit 3M | Michael Asberry Resume |
| 17 | Exhibit 3N | Vocational Rehabilitation Budget and Agreement initialed by Michael Asberry |
| 18 | Exhibit 3O | Vocational rehabilitation plan initialed by Michael Asberry |
| 19 | Exhibit 3P | Aviation and Electronic Schools of America course description, billing and payments |
| 20 | Exhibit 3Q | March 23, 2000 Pena letter to Michael Asberry |
| 21 | Exhibit 3R | Notice of termination of vocational rehabilitation services |
| 22 | Exhibit 3S | June 14, 1999 Rutty letter to Michael Asberry re: mileage with attached mileage reimbursement requests from Michael Asberry and maps |
| 23 | | |
| 24 | Exhibit 3T | Vocational rehabilitation Maintenance Allowance Payments/Checks from October 1999 through August 2000 |
| 25 | Exhibit 3U | June 30, 2000 Pedone letter to Young re: short term disability payment of $10,340 |
| 26 | | |
| 27 | Exhibit 3V | April 30, 1999 Rutty letter to Michael Asberry re: disability payments |
| 28 | Exhibit 3W | September 13, 2000 Young letter to Michael Asberry re: total disability payments with payments/checks attachments |

3

Case 2:01-cv-02343-LKK-KJM   Document 280   Filed 05/18/06   Page 24 of 24
Case 2:01-cv-02343-LKK-KJM   Document 229   Filed 03/30/2006   Page 27 of 27
Case 2:01-cv-02343-LKK-KJM   Document 74   Filed 06/18/2003   Page 28 of 30

| | | |
|---|---|---|
| 1 | Exhibit 3X | Michael Asberry attendance records for 1998, 1999 and 2000 |
| 2 | Exhibit 3Y | Michael Asberry time sheets for 1998, 1999, 2000, 2001 and 2002 |
| 3 | Exhibit 3Z | Agreement between City of Sacramento and Int'l Union of Operating Engineers 1995-2000. |

4

DEFENDANT'S LIST OF PROPOSED TRIAL EXHIBITS